UNITED STATES of America, Appellee,

v.

Chris HALL, Intervening Claimant and Owner of One 1962 Ford ½ Ton Pickup Truck, Serial No. FLOCE–263143, Appellant.

No. 9880.

United States Court of Appeals Fourth Circuit.

Argued May 4, 1965.

Decided July 19, 1966.

C. Berkley Lilly, Beckley, W. Va., for appellant.

Jay M. Vogelson, Sp. Asst. to the U. S. Atty. (George D. Beter, Acting U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

This is an action for the remission of a forfeiture of a pickup truck which had been used for the transportation of sugar, cracked corn and other materials for use in the manufacture of illegal whisky. The contraband had been transported from the claimant's home to a secluded point near a still concealed in woodlands. The claimant testified that his brother and another, both of whom were subsequently arrested at the still site, had placed the materials in the truck without his knowledge, and that he had no inkling of the purpose of the trip, which he made at their request, until the materials were unloaded at their destination.

The brothers lived next door to each other and the claimant, Chris Hall, testified that his brother could not drive an automobile, and that he and his wife frequently drove his brother and his wife on necessary missions. The claimant also knew that his brother, Robert, had once been convicted for selling illegal whisky.

The claimant testified that he was awakened in the early morning hours by his brother who requested him to drive Robert and another to Odd Mountain. Chris Hall testified that, unquestioningly, he dressed, drove Robert and the other to Odd Mountain without inquiry of their purpose or destination and without knowing that, as he had dressed, his truck had been loaded with contraband.

One of the arresting agents testified that Chris Hall, immediately after his arrest, said that his brother and his companion had filled his truck with gasoline the day before and had then arranged the trip with him, and that Chris Hall had said that he "had a pretty good idea of what they were doing with these supplies."

 In light of the agent's testimony, the circumstantial evidence affords an abundant basis for the finding that Chris Hall knew the purpose of the trip and intentionally transported the contraband. It follows that the forfeiture was appropriate, as was the denial of remission.

Affirmed.